UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN JOSE INZUNZA,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN OF ADELANTO DETENTION FACILITY, et al.,<br><br>    Respondents. | Case No. 5:26-cv-00080-SSS-BFM<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

    Before the Court is Petitioner Juan Jose Inzunza's Petition for Writ of Habeas Corpus, filed January 8, 2026. (ECF 1.) Respondents filed their Answer to the Petition on January 16, 2026. (ECF 6.) Petitioner filed a Reply on January 16, 2026. (ECF 7.) For the following reasons, the Court grants the Petition.

    Petitioner is a Mexican foreign national who has been in immigration detention since January 7, 2026. (ECF 1 ¶ 15, 22.) Petitioner is currently detained at the Adelanto Detention Facility in Adelanto, California, is in removal proceedings, and was denied the opportunity to have a bond hearing and be released on bond. (ECF 1 ¶¶ 3, 6-7, 15.)

On January 8, 2026, Petitioner filed a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking release from immigration detention, or alternatively, a bond hearing under 8 U.S.C. § 1226(a) within seven days. (ECF 1 at 16.) Petitioner alleges that his continued detention violates the Immigration and Nationality Act. (ECF 1 ¶¶ 31-41.) [1]

Respondents filed their Response on January 21, 2026, conceding that Petitioner appears to be a member of the Bond Eligible Class certified by this Court in *Maldonado Bautista* and that Petitioner's claims regarding entitlement to a bond hearing are subject to the *Maldonado Bautista* judgment. (ECF 6 at 2.) Petitioner agrees, but argues that Immigration Courts continue to deny bond hearings absent habeas relief. (ECF 7 at 2.)

The troubling circumstances surrounding the refusal by executive agencies to provide those in the Bond Eligible Class with bond hearings are familiar to this Court. Indeed, this Court has already found DHS's policy of denying bond hearings to individuals like Petitioner contrary to the INA. *See Maldonado Bautista v. Santacruz*, No. 5:25-CV01873-SSS-BFM, 2025 WL 3713987, at *8-*22 (C.D. Cal. Dec. 18, 2025); *see also Huerta Estrada et al. v. Noem et al.*, No. 5:25-CV-03271-SSS-BFM, 2025 WL 3691473, at *3–4 (C.D. Cal. Dec. 10, 2025) (granting petitioner's TRO based upon DHS withholding protections that petitioners "would have otherwise been afforded under §

---

[1] The Petition includes three claims for relief, labeled: "Count One Violation Of Immigration and Nationality Act, 8 U.S.C. § 1231(A)(6)"; "Count Three Violation of Fifth Amendment Due Process Clause"; and "Count Four" for EAJA fees. (ECF 1 ¶¶ 31-50.) The Court addresses the first of these claims for relief in this Order. Petitioner appears to drop his bid for outright release in his Reply, which requests only an order granting a bond hearing (ECF 7 at 2), and thus the Court deems Count Thee moot in light of the relief granted on Count One. (ECF 7.) As to Count Four, if Petitioner wants to file a separate application for EAJA fees, supported by documentation of the hours spent on this case, he may do so.

1226(a)."); *Salgado Valenzuela v. Semaia*, 5:25-cv-02853-SSS-RAO (C.D. Cal. Nov. 25, 2025) (granting a petitioner's TRO on the same issue).

As Respondents concede that Petitioner is a class member entitled to a bond hearing under the reasoning of *Maldonado Bautista*, the Court **grants** the petition for the reasons stated in the orders in that case. *See Maldonado Bautista*, 2025 WL 3713987, at *8-*22.

Accordingly, it is ORDERED THAT:

(1) The Petition for a Writ of Habeas Corpus (ECF 1) is granted as to Petitioner's Count One regarding violation of 8 U.S.C. § 1226(a);

(2) Count Three in the Petition is dismissed as moot in light of the relief granted on Count One; and

(3) Respondents are enjoined from continuing to detain Petitioner unless he is provided with individualized bond hearings before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order.

DATED: January 29, 2026

_____
SUNSHINE S. SYKES
UNITED STATES DISTRICT JUDGE

3